Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED INJURY LAW
333 N. Rancho Dr., Ste 420
Las Vegas, Nevada 89106
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail: josh@bensonallred.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA CASTRO DE DARR, an individual; | Case No.: 2:24-CV-01051-CDS-DJA |
| Plaintiff,<br>v. | **DISCOVERY PLAN AND SCHEDULING ORDER** |
| HOME DEPOT U.S.A., INC., a Delaware corporation doing business as THE HOME DEPOT; DOES I-X, individually; and ROEs Xi-XX; | |
| Defendants. | |

Pursuant to Local Rule 26-1(e), the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

1. **Meeting**: Pursuant to FRCP Rule 26(f), a meeting was held on June 19, 2024, and was attended telephonically by Joshua Benson, Esq. of BENSON ALLRED INJURY LAW for Plaintiff and Lynn V. Rivera, Esq. of HOMAN, STONE & ROSSI, APC for Defendant.

2. **Pre-Discovery Disclosures**: Pursuant to FRCP Rule 26(a)(1), the parties will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii), by July 3, 2024.

3. **Areas of Discovery**: The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Discovery Plan**:  The parties propose the following discovery plan:

**Discovery Cut-off Date(s)**:  Defendant first appeared in this matter by filing a notice of removal on June 4, 2024. Defendant Home Depot U.S.A. Inc. d/b/a The Home Depot then filed an Answer on June 5, 2024. LR 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

The parties request additional time in the amount of 180 days beyond the 180 days allowed for under the Federal Rules of Civil Procedure. Namely, the parties request a discovery period of two hundred forty (240) days. The additional time and special discovery scheduling is warranted because of the following: (1) Plaintiff is still receiving medical treatment (2) Plaintiff's complete medical records and documentation to be obtained and analyzed; (3) the need for Defendant to retain and provide documentation to medical expert(s), which will likely include a Rule 35 examination of Plaintiff; and (4) depositions of treating providers and experts.

This request for additional time is not meant for the purposes of delay or with any dilatory motive. The parties request that discovery close on January 31, 2025.

A.      **Amending the Pleadings and Adding Parties**:

The parties shall have until November 1, 2024, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

B.      **FRCP 26(a)(2) Disclosure of Experts**:

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before December 2, 2024. The disclosure of rebuttal experts and their reports shall occur on or before January 3,

2025. The expert disclosure deadline is 60 before the discovery cut-off date and the rebuttal expert disclosure deadline is 30 days after the initial expert disclosure deadline.

C.     **Dispositive Motions**:

The parties shall have until March 3, 2025, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

D.     **Pre-Trial Order**:

The parties will prepare a Consolidated Pre-Trial Order on or before April 2, 2025, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

E.     **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order.  If the Court does not have questions, the parties do not request a conference with the Court.

F.     **Authorizations**:   Plaintiff will execute the authorizations provided by Defendant.

G.     **Format of Discovery**:  Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

H. **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including

mediation, arbitration, and if applicable, early neutral evaluation.

      I.  **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the short trial program (General Order 2013-01). The parties do not consent to trial by magistrate judge or use of the short trial program.

      J.  **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

DATED: <u>June 25, 2024</u>.


*/s/ Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED INJURY LAW
333 N. Rancho Dr., Ste 420
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*

*/s/ Lynn Rivera*
Lynn V. Rivera, Esq.
Nevada Bar No. 6797
HOMAN, STONE & ROSSI, APC
2032 Whitecliff Drive
Reno, Nevada 89521
*Attorneys for Defendant Home Depot U.S.A., Inc.*


**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**


**DATED:**_____6/26/2024_____

4