LYNN V. RIVERA, ESQ.
Nevada Bar No. 6797
**HOMAN, STONE & ROSSI, APC**
2032 Whitecliff Drive
Reno, Nevada 89521
Telephone:      (775) 285-6580
Facsimile:      (775) 200-0482
Email:          lrivera@homan-stone.com

<u>Mailing Address:</u>
1461 Ford Street, Suite 201
Redlands, California 92373

*Attorneys for Defendant*
Home Depot U.S.A., INC.

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

| | |
|---|---|
| MARIA CASTRO DE DARR, an individual, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., a Delaware corporation doing business as THE HOME DEPOT; DOES I-X, individually; and ROEs XI-XX, <br><br> Defendants. | **Case No.:** 2:24-CV-01051-CDS-DJA <br><br> Complaint Filed: May 9, 2024 <br><br> **STIPULATED SCHEDULING ORDER PURSUANT TO FRCP 26 AND LR-26.1** <br><br> **(Fourth Request)** |

Comes now HOME DEPOT U.S.A., INC. and Plaintiff MARIA DE CASTRO DARR (collectively hereinafter the "Parties"), through their Counsel of Record, and hereby stipulate to this extension of the remaining discovery deadlines, fourth request. The Parties have been working diligently in discovery and have attended mediation and served Initial Expert Disclosures.  Pursuant to FRCP and LR-26.1, the Parties state and hereby stipulate as follows:

1. <u>Discovery Completed</u>: To date, the Parties have exchanged Initial and Supplemental Disclosures. Plaintiff and Home Depot have responded to written discovery. Home Depot conducted an Orthopedic Independent Medical Examination of the Plaintiff. Home Depot has completed the depositions of the Plaintiff and her husband William Darr. Plaintiff has completed the depositions of two former Home Depot associates. The parties have also disclosed experts.

2. <u>Discovery Remaining</u>: Plaintiff intends to conduct a 30(b)(6) deposition of Home Depot. Home Depot is in the process of obtaining additional medical treatment records. The Parties intend to engage in additional expert discovery including serving rebuttal reports and conducting depositions.

3. <u>Description of Why Remaining Discovery Has Not Been Completed Within the Time Limits Previously Set by the Court</u>: The Parties have good cause for the 60-day extension of the discovery deadlines because Plaintiff's injuries are complex, she is still engaged in medical treatment, and medical records are still being received. The Parties have attended formal mediation. The Parties met and conferred on Home Depot's discovery responses and Home Depot is in the process of researching its corporate records. Additionally, the deposition of its 30(b)(6) witness is set for September 12, 2025. Moreover, the parties have a discovery dispute regarding a deposition that is not scheduled to be heard until October 22, 2025. This request is made in good faith and not for the purpose of delay.

4. <u>Proposed Schedule for Completing All Remaining Discovery</u>: Based on the foregoing, the Parties respectfully request that the Court grant their joint request to extend the expert discovery deadlines, as follows:

| Event | Current Date | New Date |
|---|---|---|
| Discovery Cut Off | September 30, 2025 | December 1, 2025 |

| Last Day to make Rebuttal Expert Disclosure | September 1, 2025 | October 31, 2025 |
| Dispositive Motions | October 2, 2025 | January 5, 2026 |
| Last Day to File Pretrial Order | December 1, 2025 | January 30, 2026 |

This Stipulation was not submitted 21 days before the first deadline pursuant to Local Rule 26-3. However, it was submitted as soon as practicable after the Parties became aware they needed to do additional expert discovery. The Parties' request is made in good faith to conduct additional discover and not for purposes of delay.

**IT IS SO STIPULATED AND AGREED.**

DATED: August 22, 2025        **BENSON ALLRED INJURY LAW**

By /s/ JOSHUA BENSON
JOSHUA BENSON
NEVADA STATE BAR NO. 10514
*Attorneys for Plaintiff*
Maria Castro De Darr

DATED: August 22, 2025        **HOMAN, STONE & ROSSI, APC**

By /s/ LYNN V. RIVERA
LYNN V. RIVERA
NEVADAN BAR NO. 6797
*Attorneys for Defendan*t
Home Depot U.S.A., INC.

GOOD CAUSE APPEARING, It is so ORDERED.

DATED: 8/26/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **STIPULATED SCHEDULING ORDER. FOURTH REQUEST** was served August 22, 2025, by:

[ ]  **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]  **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date. A printed transmission record is attached to the file copy of this document.

[ ]  **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Homan, Stone & Rossi, APC of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]  **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing service or otherwise electronically serving the document(s) listed above to the Counsel set forth on the service list on this date.

Joshua L. Benson, Esq.
BENSON ALLRED
333 N. Rancho Drive, Suite 420
Las Vegas, NV 89106

Tel: 702-820-0000
Fax: 702-820-1111

josh@bensonallred.com
porter@bensonallred.com
teresa@bensonallred.com
whitney@bensonallred.com

*Attorneys for Plaintiff*

                         */s/ Carla Banuelos*
                         An Employee of Homan, Stone & Rossi, A.P.C.