UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Maria Castro De Darr,

Plaintiff

v.

Home Depot U.S.A., Inc.,

Defendant

Case No. 2:24-cv-01051-CDS-DJA

**Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 51]

Plaintiff Maria Castro De Darr and defendant Home Depot U.S.A., Inc. submitted their proposed joint pretrial order. ECF No. 51. However, because elements of it do not comply with Local Rules 16-3 and 16-4, the parties' proposed order is rejected.

First, section V requires the parties to identify the contested issues of fact to be tried and determined at trial. Local Rule 16-4 instructs that "[e]ach issue of fact must be stated separately and in specific terms." However, instead of providing a statement of the contested issues of fact in this case, the parties merely state "[a]ll factual issues deemed relevant and admissible at trial." *Id.* at 2. This is insufficient. Therefore, the parties must identify the key factual disputes that must be resolved at trial for the case to be decided by the jury.

Second, in their respective schedules of exhibits, both sides list several of the same exhibits, including the video of incident/CCTV incident; Housekeeping Safety Standards videotape; Standard Operating Procedures Safety, SAF 28-25 *Handling Live Goods*; and Standard Operating Procedures Safety, SAF 09-50 *Handling Customer Claims*. *Id.* at 3–4. However, the parties fail to stipulate to the admission of these exhibits as evidence. *See* LR 16-3(b)(8)(B) ("Stipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible.").

Local Rule 16-3(b)(8) further requires parties to describe their exhibits "sufficiently for ready identification[.]" Therefore, it is impermissible to include a catch-all like "Plaintiff's Amended Responses to Interrogatories" as the defendant has done here. *Id.* at 4. If what the defendant means is every single document that the plaintiff identified in response to its document requests, this is noncompliant. Home Depot's description here is too vague and does not describe what will be offered in evidence.

Further, the parties state that they "object to the proposed exhibits as follows," but rather than stating specific grounds for their objections, they attempt to reserve the right to utilize any exhibit disclosed during discovery. ECF No. 51 at 4. There is no such right to reserve. Moreover, the local rules require that all objections to exhibits be set forth in the proposed order and that each objection be specifically tied to the particular exhibit at issue. LR 16-3(b)(8)(B).

**Conclusion**

Although it appears that the attorneys may have had some meaningful discussions, more effort is required here to streamline trial presentations. Therefore, it is ordered that the proposed joint pretrial order **[ECF No. 51] is REJECTED**. The parties must confer and submit a second proposed order by October 22, 2026.

Dated: September 22, 2026

Cristina D. Silva
United States District Judge