**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA CASTRO DE DARR, individually,<br><br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation doing business as THE HOME DEPOT,<br><br>Defendant | Case No.: 2:24-cv-01051-CDS-DJA<br><br>**JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case, IT IS ORDERED:

## I. NATURE OF THE ACTION

This is an action for personal injuries arising from a slip and fall which occurred on July 28, 2022, at The Home Depot in Las Vegas, Nevada. Plaintiff Maria Castro De Darr contends that Home Depot breached its duty of care by failing to keep its premises in a reasonably safe condition for use.

## II. STATEMENT OF JURISDICTION

The court has jurisdiction over this civil action pursuant to 28 U.S.C. Section 1441(b) on the basis that this is a civil action between citizens of different states and the amount in controversy being potentially in excess of $75,000, exclusive of interests and costs.

## III. ADMITTED FACTS

The following facts are admitted by the party and require no proof: none.

## IV. UNCONTESTED FACTS

The following facts are uncontested by the party and require no proof:

None.

## V. ISSUES TO BE TRIED

The following are issues of fact to be tried and determined upon trial:

1. Whether the water or residual moisture from plant watering on Defendant Home Depot U.S.A., Inc.'s premises constituted a dangerous condition at the time of Plaintiff's July 28, 2022 incident.

2. Whether Defendant Home Depot U.S.A., Inc. knew or should have known of the dangerous condition prior to Plaintiff's incident.

3. Whether Defendant Home Depot U.S.A., Inc. failed to exercise reasonable care in watering plants, inspecting, and maintaining the area where Plaintiff slipped and fell.

4. Whether the warning signs placed in the garden department were adequate to warn Plaintiff of the water or residual moisture on the floor.

5. Whether Defendant Home Depot U.S.A., Inc.'s acts or omissions caused or contributed to Plaintiff's incident and injuries.

6. Whether Plaintiff sustained injuries as a result of the July 28, 2022 incident.

7. Whether Plaintiff's claimed injuries were caused by the subject incident.

8. Whether the medical treatment Plaintiff received was reasonable, necessary, and related to the injuries sustained in the incident.

9. The nature and extent of Plaintiff's injuries and damages resulting from the incident, including the reasonableness of her claimed medical expenses.

## VI. ISSUES OF LAW

The following are issues of law to be tried and determined upon trial:

1. Whether Home Depot U.S.A., Inc. acted negligently.

2. Whether Home Depot U.S.A.., Inc. breached its duty of care to keep its premises in a reasonably safe condition for use.

3. Whether Home Depot U.S.A., Inc.'s negligence was a substantial factor in causing Plaintiff's harm.

4. Whether Plaintiff acted negligently and was the substantial factor in causing her own harm.

5. The nature and extent of injuries sustained by Plaintiff as a result of the subject accident.

6. Whether the medical treatment that Plaintiff received was reasonable, necessary, and related to the injuries they sustained.

7. Whether the medical damages were reasonable, customary and medically necessary.

8. Any and all other legal issues raised in the complaint and answer to the complaint.

## VII. EXHIBITS

A. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1. Housekeeping Safety Standards videotape.
2. CCTV Incident Video.
3. Standard Operating Procedures Safety, SAF 28-25 Handling Live Goods.
4. Standard Operating Procedures Safety, SAF 09-50 Handling Customer Claims.
5. The parties stipulate to the authenticity of the medical records.

B. As to the following additional exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

**1. Plaintiff's Exhibits:**

| | |
|---|---|
| 1. | Medical Bills and Records from Sunrise Hospital and Medical Center |
| 2. | Medical Bill from Radiology Specialists, LTD |
| 3. | Medical Bill from Fremont Emergency Services |
| 4. | Medical Bills and Records from Quill Health DPC |
| 5. | Medical Bills and Records from SimonMed |
| 6. | Medical Bills and Records from DiMuro Pain Management |
| 7. | Medical Bills and Records from Advanced Chiropractic Specialists |
| 8. | Medical Bills and Records from Neurocare of Nevada |

| | |
|---|---|
| 9. | Medical Bills and Records from William Azzoli, MD |
| 10. | Medical Bills and Records from Pueblo Medical Imaging |
| 11. | Medical Bills and Records from Las Vegas Neurosurgery, Orthopedics & Rehabilitation |
| 12. | Medical Bills and Records from Desert Orthopaedic Center |
| 13. | Medical Bills and Records from Kelly Hawkins Physical Therapy |
| 14. | Medical Bills and Records from Patel Psychiatry LLC |
| 15. | Medical Bills and Records from MML Physical Therapy |
| 16. | Medical Bills and Records from Relevium |
| 17. | Color photographs of the scene of the incident |
| 18. | Color photographs of Plaintiff's injuries |
| 19. | Color photograph of the shoes Plaintiff was wearing at the time of the subject incident |
| 20. | Color photograph of Plaintiff's knee brace |
| 21. | Plaintiff's Prior Medical Records from Southwest Medical |
| 22. | John M. Dimuro, M.D. Medical Case Review and Expert Report |
| 23. | Arthur P. Kowell, M.D.'s Review of Records Report, dated 05/01/25 |
| 24. | Arthur P. Kowell, M.D.'s Supplemental Report, dated 05/06/25 |
| 25. | John M. Dimuro, M.D.'s Rebuttal Expert Report, dated 01/09/26 |
| 26. | Arthur P. Kowell, M.D.'s Review of Records and Supplemental Report |
| 27. | Home Depot Incident Report |
| 28. | Defendant's Report regarding prior incidents |

**2. Defendant's Exhibits:**

| | |
|---|---|
| 1. | Pre-existing Medical Records from Quill Health |
| 2. | Pre-existing medical records from Southwest Medical |
| 3. | Dr. Jesse Wobrock Expert Report |
| 4. | Dr. Gregory Whitman Expert Report |
| 5. | Dr. Mike Pappas Expert Report |
| 6. | Dr. Thomas Peatman Expert Report |
| 7. | Photographs Excerpted from CCTV |
| 8. | CCTV Inside Store |
| 9. | Warning Sign |
| 10. | Surveillance Report |
| 11. | Plaintiff's Amended Responses to Interrogatories |

3. The parties reserve the right to use deposition transcripts, discovery responses, Rule 26(a) Disclosures and Supplements, and any document/items not identified herein for impeachment purposes. The parties stipulate as to the authenticity of the medical records.

The parties object to the proposed exhibits as follows: The parties reserve the right to utilize any exhibits from the parties' FRCP 26(a)(1) and/or FRCP 26(a)(3) disclosures and supplements thereto; from the parties' responses to written discovery requests and any supplements thereto; and from the parties' FRCP 26(a)(1) and/or FRCP 26(a)(3) disclosures and supplements thereto; and the parties' reserve the right to utilize any and all documents needed for rebuttal or purposes of impeachment not listed herein, including all documentation in accordance with admissible evidence.

**C. Electronic evidence:** The parties intend to present the video of the incident in electronic format to jurors for purposes of jury deliberations.

**D. Depositions:**

1. The parties do not anticipate offering any other depositions at trial unless the witnesses become unavailable at the time of trial. Both Plaintiff and Defendant reserve the right to utilize any depositions offered by either party consistent with the Federal Rules of Civil Procedure. In the event a party is notified that a witness is unavailable, the Parties agree to supplement this pretrial order and designate the portions of the deposition to be offered within 30-days of being notified that a party is unavailable for trial.

**E. Objections to Depositions:**

The parties reserve the right to object to deposition testimony when such sections are identified.

## VIII. WITNESSES

The following witnesses may be called by the parties at trial:

**1. Plaintiff's witnesses:**

1. Maria Castro De Darr
c/o Joshua L. Benson, Esq.
Benson Allred Injury Law
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106

2. William Darr
c/o Joshua L. Benson, Esq.
Benson Allred Injury Law
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106

3. Alejandra "Alex" Pena
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

4. Karol Guerrero Arroyo
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

5 John M. DiMuro, D.O.
DiMuro Pain Management
3970 W. Ann Road, Ste 100
North Las Vegas, Nevada 89031

6. Arthur P. Kowell, M.D.
Encino Neurological Medical Group
16311 Ventura Blvd., Suite 680
Encino, California 91436

7. Ajay K. Nellutla, M.D., and/or
Joshua Owen, M.D. and/or
Andrew E. Sheep, M.D. and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Sunrise Hospital and Medical Center
3186 S. Maryland Pkwy.
Las Vegas, Nevada 89109

8. FRCP 30(b)(6) Designee and/or
Custodian of Records for
Radiology Specialists
P.O. Box 200624
Dallas, Texas 75320

9. FRCP 30(b)(6) Designee and/or
Custodian of Records for
Fremont Emergency Services
P.O. Box 638972
Cincinnati, Ohio 45263

10. Jose Bacala, M.D., and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Quill Health Direct Primary Care
2851 N. Tenaya Way, Ste 203
Las Vegas, Nevada 89128

11. Hannah Kunz, D.O. and/or
William Joseph Wall, M.D. and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
SimonMed
3560 East Flamingo Road, Ste 100
Las Vegas, Nevada 89121

12. Brian K. Fife, D.C. and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Advanced Chiropractic Specialists
4116 W. Craig Road, Ste 100
Las Vegas, Nevada 89032

13. Gobinder Chopra, M.D., and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Neurocare of Nevada
6410 Medical Center Street, Ste A-100
Las Vegas, Nevada 89148

14. William Azzoli, M.D., and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
William Azzoli, M.D., PLLC
3970 W. Ann Road, Ste 100
North Las Vegas, Nevada 89031

15. Michael Eisenberg, M.D. and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Pueblo Medical Imaging
5495 S. Rainbow Blvd., Ste 203
Las Vegas, NV 89118

16. Mark B. Kabins, M.D. and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Las Vegas Neurosurgery, Orthopedics & Rehabilitation
501 S. Rancho Drive, Ste I-67
Las Vegas, Nevada 89106

17. Chad M. Hanson, M.D. and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Desert Orthopaedic Center
P.O. Box 50509
Henderson, Nevada 89016

18. Adam M. Rubin, DPT, and/or
Joseph Santos, PTA, and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Kelly Hawkins Physical Therapy
2080 E. Flamingo Road
Las Vegas, Nevada 89119

19. Mihir Patel, M.D.,
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Patel Psychiatry LLC
3722 Las Vegas Blvd South #2801
Las Vegas, NV 89158

20. Casey Bartolo, P.T., and/or
FRCP 30(b)(6) Designee and/or
Custodian of Records for
MML Physical Therapy
Las Vegas, NV 89106

21. Carolina Morales Alicea, PsyD
FRCP 30(b)(6) Designee and/or
Custodian of Records for
Relevium
2425 N. Lamb Blvd., Suite 120
Las Vegas, Nevada 89115

**2. Defendant's witnesses:**

1. All witnesses identified above by Plaintiff

2. Dr. Mike Pappas
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

3. Dr. Jesse Wobrock
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

4. Dr. Gregory Whitman, Esq.
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

5. Dr. Thomas Peatman
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

6. FRCP 30(b)(6) Designee Home Depot
c/o Lynn V. Rivera, Esq.
Zelms Erlich Lenkov
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367

7. Kathy Rabago PA-C
4750 W. Oakley Blvd. Suite 1A
Las Vegas, NV 89102

8. Dr. Ross Seibel
4750 W. Oakley Blvd. Suite 1A
Las Vegas, NV 89102

9. Dr. Enrico Fazini
353 Lexington Avenue, Ste.1001
New York, NY 10016

10. Dr. Darryl Forston
2704 N. Tenaya Way
Las Vegas, NV 89128

11. PMK Ethos
P.O. Box 55246
St. Petersburg, Florida 33732

## IX. TRIAL DATE

Counsel have met and herewith submit a list of three agreed-upon trial dates:

1. September 13, 2027.
2. September 20, 2027.
3. September 27, 2027.

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X. TIME FOR TRIAL

It is estimated that the trial herein will take a total 7-10 full judicial days.

Dated this 9th day of November, 2026.

**APPROVED AS TO FORM AND CONTENT BY:**

BENSON ALLRED INJURY LAW

*/s/ Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
333 N. Rancho Drive, Suite 420
Las Vegas, Nevada 89106
*Attorneys for Plaintiff*

ZELMS ERLICH LENKOV

*/s/ Lynn Rivera*
Lynn V. Rivera, Esq.
Nevada Bar No. 6797
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
*Attorneys for Defendant*

**ACTION BY THE COURT**

This case is set for jury trial on the stacked calendar on September 27, 2027 at 9:30 a.m. in LV Courtroom 6B. Calendar Call will be held September 21, 2027 at 10:00 a.m. in LV Courtroom 6B.

Dated: November 10, 2026

UNITED STATES DISTRICT JUDGE